# IN THE COURT OF APPEALS OF IOWA

No. 22-0794
Filed May 10, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**AARON DION MICHAEL HANSON GALES, JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

The defendant challenges his sentence, arguing the district court abused its discretion in imposing consecutive terms of incarceration. **AFFIRMED.**

Jessica A. Millage of Flanagan Law Group, PLLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

In FECR416645, Aaron Hanson Gales Jr. pled guilty to escaping from custody after being convicted of a felony, which is a class "D" felony. *See* Iowa Code § 719.4(1) (2021). Later, at a combined sentencing hearing for FECR416645 and three other cases, Hanson Gales was sentenced to a term of incarceration not to exceed five years for escaping from custody. The court ordered him to serve the sentence concurrently with the sentence the court imposed in FECR408149[1] and consecutively to the sentences the court imposed in FECR419158[2] and FECR420322.[3] Hanson Gales argues the district court abused its discretion in sentencing him to prison and running the sentence consecutive to other terms of incarceration. He points to his "young age," claiming it should have been a strong mitigating factor, and maintains the court's brief explanation for the sentence is insufficient.

As the State recognizes, Hanson Gales has good cause for this appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). We review his sentence for correction of errors at law. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentence that conforms to the statute "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or

---

[1] The district court revoked Hanson Gales's deferred judgment for second-degree theft and imposed the original five-year sentence in FECR408149.

[2] A jury convicted Hanson Gales of dominion and control of a firearm by a felon and possessing a short-barrel rifle or shotgun in FECR419158; the court sentenced him to five years of incarceration for each charge but ordered them to be served concurrently (for a total of five years).

[3] In FECR420322, Hanson Gales pled guilty to two counts of assault on persons in certain occupations causing bodily injury; the court sentenced him to two years of incarceration on each count and ordered him to serve them consecutively (for a total of four years).

the consideration of inappropriate matters." *Id.* An abuse of discretion is only found if we can "discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

The combined sentencing hearing took place in two parts. First, Hanson Gales stipulated to his probation violation in FECR408149, and the State recommended revoking Hanson Gales's deferred judgment and probation and imposing the original five-year sentence for second-degree theft. The district court agreed with the State's recommendation and addressed Hanson Gales as follows:

> Sir, it's unfortunate that you were not able to meet the terms of probation as I set forth originally in this case. I was hoping that it would give you an opportunity to remain in the community, but, unfortunately, I do not believe that's an option at this time and that a period of incarceration is appropriate based on your plea of guilty.

Then Hanson Gales's first attorney was excused, and his second attorney—the attorney for his remaining three cases—took over.

In making its recommendation as to the final three cases, the State urged the court to impose a mix of concurrent and consecutive terms for a total not to exceed twelve years. The State explained its reasoning as follows:

> I feel that's appropriate given primarily Mr. Hanson Gales's young age, I believe he's about 19 years old,[4] and his criminal history, which is not as long as some that we see come through here, but is not insignificant. But what gives the State a lot of cause for concern and is primarily the reason for recommending that any of these counts run consecutive to each other is that these cases represent that Mr. Hanson Gales is a danger to the community and that there is nothing really less restrictive that can accomplish the goals of sentencing, being the rehabilitation of the Defendant and the protection of the community.
> And I think that the rehabilitation of the Defendant is likely going to take a little while. He was in the [residential corrections

---

[4] Based on the birth date listed in the presentence investigation report, Hanson Gales was twenty-one at the time of sentencing.

facility] and struggled there before leaving without permission. And then while he was out on escape status while still on probation, he committed new crimes. And then was brought into the jail, and then while he was in the jail, committed crimes against jail staff there, being the assaults on peace officers. So the State feels that there is, frankly, nothing that can really prevent Mr. Hanson Gales from continuing to commit new crimes as that is what his behavior over the last year has indicated. And even in incarceration, frankly, can't really prevent him from committing new crimes, but can at least limit who he is committing these crimes against, being people who are at least [ostensibly] signing up for that by working in a jail or Department of Corrections facility. It's not ideal, but I think it's the only thing that can really protect the rest of the community from his criminal behavior.

       The only other reason I think any kind of concurrent sentence is appropriate for him is given his young age. He's not very old. There is some hope that he can rehabilitate himself and change. But I do think that a long sentence is necessary to show him that that type of behavior will not be tolerated and will not be condoned and just, frankly, to protect the community from him doing similar activities to other people.

       So I think concurrent sentences would be inappropriate and not enough to defer further criminal behavior, but, likewise, I think if everything were run boxcarred for 24 years, that would be excessive given his age. So the State's landed on a recommendation of 12 years with his revocation and the new cases combined.

Through his attorney, Hanson Gales argued for a term of incarceration not to exceed seven years. He focused on his "young age" and noted that, while he had spent 173 days in county jail, he had never been to prison. Recognizing Hanson Gales was already sentenced to a prison term in the probation-revocation case, his attorney argued:

       He understands that he's going to go to prison, and he has indicated that he is going to take advantage of all of the resources that are available to him. And let's hope he does that. But let's give him an opportunity to be able to see the light at the [end] of the tunnel, so to speak, to know what he has got to do.

       So I'm asking for those to be run concurrent to one another, judge. And here is where the heavy lifting starts. I'm going to ask that the Short-Barrel Shotgun, that's FECR419158, and the Dominion and Control, that those run concurrent to one another,

and—here's the heavy lifting—that they are concurrent to the Escape and to the probation violation.

Now, why I ask that is that would give him five years on the three ["D" felonies] that he has. I'm not going to be asking for a concurrent sentence on the Assault on Persons in Certain Occupations. That's a bridge too far. So I'm asking that those two two-year sentences run concurrent to one another, but consecutive to the three [other cases] that are run concurrent. That would be a total of seven years. It's less than [the prosecutor] wants for those 12 years, but that is still going to give Aaron a significant time in jail for him to figure out—or not jail, in prison to figure out that if I don't modify my behavior, I will be back here and back here and back here.

. . . .

He has never really had the consequences—because these things came up so quick, he never really had the consequences. Well, now the consequences are here, judge. I am just asking you to give him something that [he can] look forward to knowing that if he has seven years as opposed to 12 years, that if he engages in all of the activities that the prison has to offer, all the programs, all of the things that Aaron told me that he wants to do to better himself, he can be out in a couple of years, he will be on parole, and then we'll see how he does.

After Hanson Gales personally told the court what he would like it to consider, the

court imposed sentence, stating:

Mr. Hanson Gales, it's my duty under the law to review what's available to me in terms of community resources and to determine what the appropriate rehabilitative plan would be for you. I also have to consider the serious nature of all of the offenses that you have plead[ed] guilty to or have been found guilty of, and the effect that it has had upon the community, and the safety of the community, to be quite honest, and your willingness to accept change and treatment to address your needs. I look at the least restrictive alternatives first and then proceed to the more restrictive alternatives.

I have reviewed your entire Presentence Investigation Report for the purposes of today's sentencing, but I have not considered any of the entries in the criminal history section that do not reflect an admission of guilt or a finding of guilt in regards to those offenses.

It is true, Mr. Hanson Gales, you're very young. But to be honest with you, sir, I'm very concerned with the serious nature of these offenses. Most particularly, the fact that you had dominion and control of a firearm, and the type of firearm that you had, and the assault on correctional officers. That's very concerning to me. Correctional officers are there to help. Probation officers are there to help. And I respect what they do in trying to help Defendants. And

I'm very concerned about the fact that you had control of a very serious firearm. I'm also concerned about the expectations of rehabilitation in regards to yourself.

. . . .

The sentences that I have imposed will be served as follows: FECR41664[5] will be served concurrently with FECR408149. The sentences imposed in FECR419158 under Counts 1 and 2 shall be served concurrently, but that sentence shall be served consecutive to the sentences imposed in FECR4018149 and FECR416645. The sentences imposed in FECR420322, Counts 7 and 8, shall be served consecutively and also consecutive to the sentences imposed in FECR408149, FECR416645 and FECR419158.

The reason for the consecutive sentencing is due to the serious nature of the offenses in both FECR420322 and FECR419158 and the Defendant's criminal history.

As the district court's stated reasoning shows, the court properly considered Hanson Gales's age as a factor in reaching its sentencing decision. *See Formaro*, 638 N.W.2d at 424–25 ("It is . . . important to consider the host of factors that weigh in on the often arduous task of a sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform."). While Hanson Gales believes the district court should have relied on his young age of twenty-one years old and shown more leniency, this argument does not point to an abuse of discretion by the court. *See Damme*, 944 N.W.2d at 106 (recognizing sentencing courts are "afforded . . . a significant amount of latitude because of the 'discretionary nature of judging'" (citation omitted)); *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("Each judge must grapple with the facts and circumstances in the case before him and arrive at the sentence he regards as right. The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." (internal citation omitted)). Hanson Gales's "mere disagreement with the sentence imposed, without more, is

insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).

And while the district court's explanation of why it was ordering Hanson Gales to serve the five-year sentence in this case consecutive to his sentences in other cases was "terse and succinct," we are able to review the district court's exercise of discretion in imposing the sentences at this omnibus hearing. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted); *see State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981) (concluding the sentencing court met the requirement to provide reasons for the sentence imposed when "[t]he brevity of the court's statement of reasons" did not prevent "review of the sentencing discretion" because it was "clear from the trial court's statement exactly what motivated and prompted the sentence"); *see also State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016) (requiring courts to "explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration").

Because Hanson Gales has not shown the court abused its discretion in reaching its sentencing decision and the court's explanation of its decision, while concise, is sufficient for our review, we affirm Hanson Gales's sentence.

**AFFIRMED.**